IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-20761
(Summary Calendar)
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN BEDOYA,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
(93-CR-265-1)
- - - - - - - - - -
December 7, 1998

Before JOLLY, SMITH, and WIENER, Circuit Judges

PER CURIAM:[*]

Defendant-Appellant Ruben Bedoya has appealed the $15,000 fine that the district court imposed. That amount is the minimum under U.S.S.G. § 5E1.2(c)(3), the applicable sentencing guideline in this case.

Bedoya contends that imposition of the fine constituted plain error, given that he is indigent and that the presentence report (PSR) states that he "does not appear to have a net worth or net monthly cash flow," or any means of income.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S.S.G. § 5E1.2(a) commands that "[t]he court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." See, United States v. Martinez, 151 F.3d 384, 395 (5th Cir. 1998), petition for cert. filed (U.S. Oct. 26, 1998) (No. 98-6639). Bedoya's good health and relatively young age coupled with his demonstrated managerial ability strongly indicate that he will be able to pay his fine in the future. Accordingly, the district court's imposition of the fine, without any defense objection, did not constitute plain error. See United States v. Rodriquez, 15 F.3d 408, 414-17 (5th Cir. 1994); Martinez, 151 F.3d at 395-96. AFFIRMED.